# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ARTHUR WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-1678** |
| **ROBERT TANNER, CCE, WARDEN**<br>**24TH JUDICIAL DISTRICT COURT** | **SECTION "E"(2)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DENIED** and **DISMISSED WITH PREJUDICE** for lack of jurisdiction or, alternatively, as time-barred.

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.  FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Arthur Williams, is currently incarcerated in the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana, for a conviction other than the one challenged in this case.[2] In the case now under review, Williams and a co-defendant, Eugene Brown, were charged on October 11, 1996, by bill of information in Jefferson Parish with theft of electronic equipment valued over $500.[3]

On July 13, 1998, Williams withdrew his initial not guilty plea and entered a plea of guilty as charged.[4] The state trial court sentenced him that day to serve two (2) years in prison in the custody of the Louisiana Department of Corrections.[5] The court suspended the sentence and placed Williams on active probation for two years, with a fine and additional costs imposed.[6]

---

[2] Rec. Doc. No. 1. Williams's current incarceration is based upon his separate 1999 conviction and sentence in Jefferson Parish Case No. 99-1909 for forcible rape, for which he is serving a 40-year prison sentence. State v. Williams, 786 So.2d 805 (La. App. 5th Cir. 2001), writ denied, 812 So.2d 646 (La. 2002).

[3] St. Rec. Vol. 1 of 2, Bill of Information, 10/11/96.

[4] St. Rec. Vol. 1 of 2, Plea Minutes, 7/13/98; Defendant's Acknowledgment of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty, 7/13/98.

[5] St. Rec. Vol. 1 of 2, Plea Minutes, 7/13/98.

[6] His co-defendant, Brown, also entered a guilty plea and was sentenced to the same suspended sentence and active probation. St. Rec. Vol. 1 of 2, Plea Minutes (Brown), 7/13/98; Defendant's Acknowledgment of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty (Brown), 7/13/98 .

Williams's conviction became final five (5) business days later, on July 20, 1998, because he did not seek further review of the conviction or sentence.⁷ Caldwell v. Dretke, 429 F.3d 521, 529 (5th Cir. 2005) (a judgment imposing probation becomes final at the conclusion of direct review or the expiration of the time for seeking such review); Cousin v. Lensing, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the five-day period for filing a notice of appeal under La. Code Crim. P. art. 914); La. Code Crim. P. art. 13 (weekends and holidays not included in a calculation of period less than seven days).

Less than nine months later, on March 3 and 9, 1999, Williams's probation officer filed a rule to show cause why probation should not be revoked, reporting that Williams had violated his probation conditions and had been arrested and charged on January 27, 1999, with aggravated rape, second degree kidnapping, aggravated oral sexual battery, and carjacking.⁸ At a hearing held October 22, 1999, the court revoked Williams's

---

⁷Failure to move timely for appeal under La. Code Crim. P. art. 914 renders the conviction and sentence final at the expiration of the period for filing a motion for appeal. State v. Counterman, 475 So.2d 336, 338 (La. 1985). At the time of Williams's guilty plea, La. Code Crim. P. art. 914 required that a criminal defendant move for leave to appeal within five (5) days of the order or judgment that was being appealed or of a ruling on a timely motion to reconsider a sentence. Article 914 was later amended by La. Acts 2003, No. 949, § 1 to provide 30 days for filing of the notice of appeal.

⁸St. Rec. Vol. 1 of 2, Rule to Show Cause, 3/3/99; Rule to Show Cause, 3/9/99.

probation without contest after waiver of his rights.[9] The court ordered that Williams serve the two year prison sentence at hard labor originally imposed on July 13, 1998, with credit for time served. Williams did not seek review of this revocation ruling or the sentence.

More than ten and one-half (10-1/2) years later, on May 4, 2011, Williams submitted a motion to the state trial court seeking correction of his sentence, alleging that he had not been apprised of his right to remain silent during the July 13, 1998, guilty plea hearing.[10] The state trial court construed the motion as an application for post-conviction relief and denied the application, finding that it sought untimely relief under La. Code Crim. P. art. 930.8(A).[11]

The Louisiana Fifth Circuit Court of Appeal denied Williams's related writ application finding no error in the state trial court's consideration of the motion as an application for post-conviction relief and in its finding that the application sought untimely relief under La. Code Crim. P. art. 930.8.[12] The Louisiana Supreme Court also

---

[9] St. Rec. Vol. 1 of 2, Minute Entry, 10/22/99.

[10] St. Rec. Vol. 1 of 2, Motion to Correct an Illegal and Invalid Sentence, 5/10/11 (dated 5/4/10).

[11] At the time of his conviction, La. Code Crim. P. art. 930.8 provided a three (3) year period for a defendant to file for post-conviction relief in the state courts. It was amended shortly thereafter by La. Acts 1999, No. 1262, § 1 to reduce it to a two (2) year time period.

[12] St. Rec. Vol. 2 of 2, 5th Cir. Order, 11-KH-629, 7/22/11. The writ application itself is not in the record provided by the State. Williams has attached an unfiled copy to his petition. Rec. Doc. No.

denied his subsequent application citing La. Code Crim. P. art. 930.8, State ex rel. Glover v. State, 660 So.2d 1189 (La. 1995) and State v. Parker, 711 So.2d 694 (La. 1998).[13]

## II. FEDERAL HABEAS PETITION

On July 2, 2012, the clerk of this court filed Williams's federal habeas corpus petition, in which he alleges that his 1998 sentence was illegal because he was not advised of his right to remain silent during the guilty plea colloquy, leaving no basis for a sentence to be imposed.[14]

The State filed an answer and memorandum in opposition to Williams's petition, arguing that he is no longer incarcerated based upon the challenged 1998 conviction and sentence, which he has already fully served.[15] In addition, the State argues that his petition is otherwise untimely filed and his claim is procedurally barred from federal habeas review.

---

1-1, p. 21.

[13] State ex rel. Williams v. State, 86 So.3d 616 (La. 2012); St. Rec. Vol. 2 of 2, La. S. Ct. Order, 2011-KH-1817, 4/27/12; La. S. Ct. Writ Application, 11-KH-1817, 8/18/11 (dated 8/15/11). In Glover, the Louisiana Supreme Court held that an appellate court can deny post-conviction relief as untimely under La. Code Crim. P. art. 930.8, even if the lower court addressed the merits or did not consider timeliness. In Parker, the Louisiana Supreme Court held that the limitation period under La. Code Crim. P. art. 930.8, preempts the language in La. Code Crim. P. art. 882 dealing with the time for filing a motion to correct illegal sentence.

[14] Rec. Doc. 1, pp. 8-9.

[15] Rec. Doc. No. 7.

5

III.   GENERAL STANDARDS OF REVIEW

The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[16] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Williams's petition, which, for reasons discussed below, is deemed filed in this federal court on June 18, 2012.[17]

The threshold questions in federal habeas review under the amended statute are whether the petitioner is in custody, whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a

---

[16]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[17]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Williams's petition was filed by the clerk of court on July 2, 2012, when pauper status was granted. Williams's dated his signature on the petition on June 18, 2012. This is the earliest date appearing in the record on which he could have submitted it to prison officials for mailing.

claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State argues that Williams's petition is not timely filed and his claim is in procedural default. While review of the record supports both conclusions, I find, as also argued by the State, that this court is without subject matter jurisdiction to consider Williams's petition as a direct challenge to his 1998 conviction and sentence, because he is no longer in custody on that conviction.

Before proceeding, I also must recognize that Williams's 1999 sentence for the forcible rape conviction, for which he is currently incarcerated, was not enhanced under a multiple bill based on this 1998 theft conviction.[18] For that reason, there is no basis to address his petition with respect to the 1999 rape conviction to whatever extent, if any, that he may suggest that the 1998 conviction is connected with his current incarceration.

IV.   LACK OF SUBJECT MATTER JURISDICTION

28 U.S.C. § 2241(d) "gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)) (emphasis added); 28 U.S.C. §

---

[18]St. Rec. Vol. 1 of 2, Letter from Counsel, 99-1099, 12/14/00; State v. Williams, 786 So.2d at 808 (showing an un-enhanced sentence of 40 years).

2254(a). Thus, to be eligible for federal habeas corpus relief, a petitioner must be "in custody" and must have exhausted his available state court remedies. Carty v. Thaler, 583 F.3d 244, 253 (5th Cir. 2009); Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987). The United States Supreme Court has interpreted this statutory language to require that the habeas petitioner be in custody at the time the petition is filed for the conviction or sentence under attack. Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 400-401 (2001). In Lackawanna, the Supreme Court recognized a single exception to this rule relating to Sixth Amendment claims of failure to appoint counsel. No such claim is made in this case, and I am unaware of any exception to the rule that would apply to the claims asserted in this petition.[19]

Thus, to be eligible for federal habeas corpus relief, a petitioner must be "in custody" based upon the challenged conviction and must have exhausted his available state court remedies. Carty, 583 F.3d at 253; Dickerson, 816 F.2d at 224. Whether a petitioner is "in custody" is determined as of the date the federal habeas petition is filed. Spencer v. Kemna, 523 U.S. 1, 7 (1998); Carafas v. LaVallee, 391 U.S. 234, 238 (1968);

---

[19]As explained by the Sixth Circuit in Abdus-Samad v. Bell, 420 F.3d 614, 630 (6th Cir. 2005), a three-justice plurality of the Lackawanna Court speculated that other exceptions to this rule of federal habeas non-reviewability might exist in other circumstances, including (1) where a state court, without justification, has refused to rule on a properly presented constitutional claim, and (2) where a defendant subsequently obtains compelling evidence of his actual innocence. Even these circumstances do not exist in this case.

8

Port v. Heard, 764 F.2d 423, 425 (5th Cir. 1985). When the jurisdictional prerequisite of custody is met at the time of filing, jurisdiction is not defeated by the petitioner's subsequent release from custody. Carafas, 391 U.S. at 238; Port, 764 F.2d at 425.

As the United States Supreme Court held in Lackawanna, when a habeas petitioner is no longer serving the sentence imposed pursuant to his old conviction, he cannot bring a federal habeas action directed solely at challenging that old conviction. That is exactly what Williams has attempted to do here. Williams's petition is deemed filed in this court under the "mailbox rule" on June 18, 2012. Although he was incarcerated on the filing date, I find that he was not in custody at that time for the conviction he is now challenging.

When Williams's probation as to the 1998 guilty plea, which he now challenges, was revoked October 22, 1999, he was ordered to serve the previously imposed but suspended two year prison sentence, with credit for time served. In reinstating Williams's sentence, the state trial court made no provision for that sentence to run concurrently with any other sentence. Williams has offered nothing to refute this.

Louisiana law provides in relevant part that sentences of imprisonment for unrelated crimes "shall be served consecutively unless the court expressly directs that some or all of them be served concurrently." (emphasis added) La. Code Crim. P. art. 883; see State v. Sanders, 734 So.2d 1276-1278-79 (La. App. 5th Cir. 1999) (La. Code

Crim. P. art. 883 provides for consecutive sentences for sentences imposed for separate crimes). As to sentences imposed upon revocation of probation, and where the defendant is eventually convicted of another crime, as in Williams's case, "the sentence shall run <u>consecutively</u> with the sentence for the new conviction, unless the court originally imposing the suspension or probation specifically orders that said sentences are to be served concurrently, in which case the court minutes shall reflect the date from which the sentences are to run concurrently." La. Code Crim. P. art. 901(a), (c)(2)(emphasis added). In other words, unless the first state court declares that a sentence after probation revocation is to run concurrently with a sentence imposed upon conviction for another a crime, the sentences by law run consecutively. See <u>State v. Boudreaux</u>, 11 So.3d 1190, 1195 (La. App. 3d Cir. 2009) ("Because the sentencing judge in the [revocation] did not order that the sentence run concurrently with the sentence that might be imposed on the instant conviction, the provisions of La. Code Crim. P. art. 901(C)(2) mandate that the latter sentence be consecutive.")

In this case, Williams's probation revocation sentence was not ordered to run concurrently with any other sentence. Significantly, Williams was serving the balance

of the two years on the revocation sentence <u>before</u> the sentence for the rape conviction was imposed on February 4, 2000, and would have completed the earlier theft sentence while the 1999 rape conviction was still under direct appellate review.[20]

For these reasons, Williams is <u>not</u> in custody pursuant to, or for purposes of challenging, the 1998 conviction for theft and that conviction is "regarded as conclusively valid." <u>Lackawanna</u>, 534 U.S. at 403. This court, therefore, lacks subject matter jurisdiction to review his petition as a <u>direct</u> challenges to the 1998 conviction and sentence, and the petition should be dismissed for that reason, without need to address the other defenses raised by the State, both of which also have merit.

Nevertheless, out of an abundance of caution, I will also address the limitations defense.

---

[20]Williams's direct appeal of the October 20, 1999 forcible rape conviction was affirmed by the Louisiana Fifth Circuit on April 11, 2001. <u>State v. Williams</u>, 786 So.2d at 805. The Louisiana Supreme Court denied relief on his subsequent writ application on March 28, 2002. <u>State v. Williams</u>, 812 So.2d 646 (La. 2002); <u>see</u> <u>Williams v. Cain</u>, Civ. Action 04-2187"I"(6), Rec. Doc. No. 5, Report and Recommendation (providing factual and procedural background for the 1999 conviction).

## V. STATUTE OF LIMITATIONS

The AEDPA requires a petitioner to bring his Section 2254 petition in most cases within one year of the date his conviction became final.[21] Duncan v. Walker, 533 U.S. 167, 179-80 (2001). In this case, Williams's conviction was final on July 20, 1998. Thus, under a literal application of the statute, Williams had one year from the date his conviction became final, or until July 20, 1999, to file his federal habeas corpus petition, which he did not do. His petition, filed more than 13 years later, must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

---

[21] The statute of limitations provision of the AEDPA at 28 U.S.C. § 2244(d), provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
A.  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B.  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C.  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
D.  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. Pace, 544 U.S. at 418-19; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

Williams has not asserted any reason that might constitute rare or exceptional circumstances why the one-year period should be considered equitably tolled. I also point out that Williams was made aware of the basis of the claim urged in this petition on or before December 14, 2000, when his counsel in the 1999 forcible rape case notified him by letter of the potential error in his 1998 plea colloquy. Armed with this knowledge, Williams nevertheless waited more than ten (10) years to pursue the issue by post-conviction motion in the state trial court. Williams has not shown diligence in pursuing his claim, and presents no basis for equitable tolling.

My review of the record also reveals no circumstance that might fit the restrictive boundaries of "exceptional circumstances" described in binding precedent. See Holland v. Florida, 130 S. Ct. 2549, 2574-75 (2010) (equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without

deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, however, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a <u>properly filed application for State post-conviction or other collateral review</u> with respect to the pertinent judgment or claim is pending <u>shall not be counted</u> toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. <u>Flanagan</u>, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. <u>Duncan</u>, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

15

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000). The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas

petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, No. 99-3364, 2001 WL 995164, at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005). Requests for document and transcript copies also are not other collateral review for purposes of the tolling calculation. Osborne v. Boone, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); Brown v. Cain, 112 F. Supp.2d 585, 587 (E.D. La. 2000), aff'd, 239 F.3d 365 (5th Cir. 2000); Gerrets v. Futrell, No. 01-3080, 2002 WL 63541 (E.D. La. Jan. 16, 2002) (Vance, J.); Jones v. Johnson, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); Grayson v. Grayson, 185 F. Supp.2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling).

The one-year AEDPA limitations period began to run in Williams's case on July 21, 1998, the day after his theft conviction was final. The limitations period ran uninterrupted for 365 days, until July 20, 1999, when it expired. Williams's had <u>no</u> properly filed state post-conviction or other collateral review proceedings pending in any state court during that time period. In fact, the record contains nothing filed by Williams until his motion to correct an illegal sentence, treated as an application for post-conviction relief, was submitted almost 12 years later on May 4, 2011. A filing made after the AEDPA filing period has expired does <u>not</u> afford him any tolling. See <u>Scott v. Johnson</u>, 227 F.3d 260, 263 (5th Cir. 2000).

The record reflects that Williams allowed well more than a decade to pass after finality of his 1998 conviction before submitting his federal petition. Even if a reviewing court were to consider running the AEDPA filing period from a later date, perhaps the date of revocation on October 22, 1999, or even the date of his counsel's letter, December 14, 2000, Williams allowed more than a decade to pass without any challenge to his 1998 conviction and sentence. His federal habeas corpus petition is clearly time-barred and also must be dismissed for that reason.

## **RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that the petition of Arthur Williams for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED**

and **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction or, alternatively, as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[22]

New Orleans, Louisiana, this __23rd__ day of October, 2012.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[22] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.